Gloria HALCOMB, Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
et al., Defendants.

Civil Action No. 02–1336(PLF).

United States District Court,
District of Columbia.

Nov. 14, 2007.

Adam K. Levin, Jeremy T. Monthy, Peter Christopher Lallas, Hogan & Hartson LLP, Washington, DC, for Plaintiff.

Kathleen Ann Carey, Washington Metropolitan Area Transit Authority, David A. Jackson, District of Columbia Office of the Attorney General, John J. Grimaldi, II, Office of Corporation Counsel, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

A number of plaintiff's claims in this lawsuit survive against the two remaining defendants, Officer Nopadon Woods of the Washington Metropolitan Area Transit Authority and the District of Columbia. Plaintiff asserts three common law claims against Officer Woods (false arrest, assault and battery, and intentional infliction of emotional distress) and one claim under 42 U.S.C. § 1983. The latter claim is based on the same allegedly unlawful behavior underlying the common law false arrest and assault and battery claims. *See* Complaint ¶¶ 37–48; *id.* ¶¶ 52–56. Plaintiff asserts a common law claim for intentional infliction of emotional distress against the District of Columbia based on the allegedly unlawful behavior of Metropolitan Police Department officers subsequent to plaintiff's arrest by Officer Woods. *See id.* ¶¶ 60–63.

Each of the remaining defendants has filed a motion for summary judgment. Upon consideration of the defendants' motions, plaintiff's oppositions, defendants' replies, and all the papers submitted in connection with this matter, the Court concludes that there are genuine issues of material fact in dispute with regard to each of the remaining claims in this case. Defendants therefore are not entitled to summary judgment on any of plaintiff's claims, and those claims must be either tried or settled.

█ Plaintiff's Section 1983 claim against Officer Woods deserves further comment. Officer Woods has asserted a defense of qualified immunity to this claim, arguing that he is immune from liability because he (1) had probable cause to arrest plaintiff, and (2) did not use unreasonable force in effecting the arrest, search, or seizure of plaintiff. *See* Motion by Defendant Woods for Summary Judgment on the Counts for False Arrest, Assault and Battery and 42 U.S.C. § 1983 at 6–7; *id.* at 9–11.[1] Plaintiff, for her part, disputes Officer Woods' description of the events leading up to her arrest, and therefore the factual predicates of Officer Woods' argument that he had probable cause to arrest her. Plaintiff also disputes Officer Woods' description of the scope of the search he performed on plaintiff, as well as Officer Woods' description of the amount of force he used in searching and arresting plaintiff. *See* Plaintiff Gloria A. Halcomb's Opposition to Defendant Nopadon Woods' Motion for Summary Judgment at 3–5; *id.* at 9–16.

█ With these factual matters in dispute in this case, the Court cannot decide before trial whether Officer Woods is enti-

---

**1.** Officer Woods has not moved for summary judgment with respect to plaintiff's intention- al infliction of emotional distress claim.

tled to qualified immunity. A defendant's entitlement to qualified immunity, of course, is a pure question of law to be decided by the Court. *See Pitt v. District of Columbia*, 491 F.3d 494, 509 (D.C.Cir. 2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 224–27, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)). In analyzing a claim of qualified immunity, the Court first must determine " 'whether the plaintiff has alleged the deprivation of an actual constitutional right at all.' " *Butera v. District of Columbia*, 235 F.3d 637, 646 (D.C.Cir.2001) (quoting *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). If so, the Court then must inquire whether the right allegedly violated was "clearly established"—that is, whether " 'the contours of the right [were] sufficiently clear that [an objectively] reasonable officer would understand that what he [was] doing violated that right.' " *Butera v. District of Columbia*, 235 F.3d at 646 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)); *see also Scott v. Harris*, — U.S. —, —, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007); *Pitt v. District of Columbia*, 491 F.3d at 512.

■■■ Again, these are purely legal questions. But the question of *what actually transpired* between Officer Woods and Ms. Halcomb is unavoidably a question of fact—and one that, at least here, prevents the Court from deciding the legal questions before trial. Although the Court must decide as a matter of law whether the challenged conduct would be viewed as lawful by an objectively reasonable officer,

it cannot do so at the summary judgment stage in this case because the very facts establishing what that conduct was are legitimately in dispute. *See* 2 SHELDON H. NAHMOD, CIVIL RIGHTS AND CIVIL LIBERTIES LITIGATION § 8:1 at 8–6 n. 13 (4th ed.2003). Summary judgment must be denied on the Section 1983 claim because the parties' accounts of Officer Woods' and Ms. Halcomb's conduct differ in several material respects that make it impossible for the Court to determine, at this stage of the proceedings, whether Officer Woods violated Ms. Halcomb's constitutional rights or whether it was objectively reasonable for Officer Woods to believe that his conduct was lawful. As the Eighth Circuit put it:

> Once a genuine issue of material fact is found to exist, the defense of qualified immunity shielding the defendant from trial must be denied.... [W]here there are genuine issues of material fact surrounding [the conduct of either an arrestee or an arresting officer] it is impossible for the court to determine, as a matter of law, what predicate facts exist to decide whether or not the officer's conduct clearly violated established law.

*Gainor v. Rogers*, 973 F.2d 1379, 1384–85 (8th Cir.1992).

■■■ While trial courts should "resolv[e] immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. at 227, 112 S.Ct. 534, "[p]re-trial resolution of the [qualified immunity] defense ... may be thwarted by a factual dispute." *Warren v. Dwyer*, 906 F.2d 70, 74 (2d Cir.1990).[2] That is the

---

**2.** That is why in some cases "[c]ourts ... have permitted the defense [of qualified immunity] to be raised at the close of plaintiff's evidence on a motion for a directed verdict, and even on a subsequent motion for judgment notwithstanding the verdict." *Warren v. Dwyer*, 906 F.2d at 74. A trial court may also require the jury to answer special interrogato-

ries in order to decide which version of the facts should be relied upon by the court in reaching its legal conclusion with respect to qualified immunity. *See* 2 SHELDON H. NAHMOD, CIVIL RIGHTS AND CIVIL LIBERTIES LITIGATION § 8:22 at 8–88 to 8–90 (4th ed.2003); *see also Johnson v. Breeden*, 280 F.3d 1308, 1318 (11th Cir.2002) ("When the case goes to trial,

case here. Because there appear to be legitimate and material factual disputes about what Officer Woods and Ms. Halcomb actually did, this Court is not yet in a position to decide, as a matter of law, whether Officer Woods is entitled to qualified immunity.

Accordingly, it is hereby

ORDERED that Defendant District of Columbia's Motion for Summary Judgment [53] is DENIED; and it is

FURTHER ORDERED that the Motion by Defendant Woods for Summary Judgment on the Counts for False Arrest, Assault and Battery and 42 U.S.C. § 1983[71] is DENIED.

SO ORDERED.

the jury itself decides the issues of historical fact that are determinative of the qualified immunity defense, but the jury does not apply the law relating to qualified immunity to those historical facts it finds; that is the court's duty. . . . A tool used to apportion the jury and court functions relating to qualified immunity issues in cases that go to trial is special interrogatories to the jury.'').